State v. Poole

---

STATE OF NORTH CAROLINA v. STEPHEN ANDREW POOLE

No. 8630SC117

(Filed 15 July 1986)

**1. Assault and Battery § 14.3— circumstantial evidence—evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss an assault charge where it would be reasonable to infer that defendant committed the assault based on defendant's statement that the charge represented his first violent act; the consistency of the characteristics of the bullet that injured the victim and a test round fired from defendant's gun; the tire prints found at

the storage yard placing defendant's truck at the scene of the larceny; the testimony of a witness to the assault who observed two men fighting in front of a truck, trailer, and tractor immediately following the time the larceny occurred; and defendant's possession of the stolen tractor found with his truck and trailer hours after the assault.

**2. Criminal Law § 138.21— assault—especially heinous, atrocious or cruel —evidence sufficient**

The evidence justified a sentence in excess of the presumptive term for assault where the victim was beaten, shot in the back of the head, driven over by a car, and left on the highway with his leg caught underneath the car.

APPEAL by defendant from *Grist, Judge.* Judgment entered 13 May 1985 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 5 June 1986.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Philip A. Telfer, for the State.*

*Smith, Bonfoey and Queen, by Frank G. Queen, and Hyler, Smathers and Davis, by Patrick U. Smathers, for defendant appellant.*

BECTON, Judge.

Defendant, Stephen Andrew Poole, was convicted in a jury trial of felonious larceny and assault with a deadly weapon with intent to kill inflicting serious injury. He received a fifteen year sentence on the assault conviction and three years, consecutive, on the larceny conviction. Defendant brings this appeal to have the assault charge dismissed, or in the alternative, to have the case remanded for a new sentencing hearing.

The issues on appeal are whether the evidence sufficiently implicated the defendant to submit the assault case to the jury, and whether the trial court properly concluded that the assault was especially heinous, atrocious or cruel to justify a sentence in excess of the presumptive term. We find no error.

I

The victim, Kent Plemmons, drove his Thunderbird to Plemmons Plumbing and Heating around 8:15 p.m. on the night of the larceny and assault. He remembers none of the later events of that evening due to amnesia resulting from his injuries. Later that night Plemmons was found on a highway approximately 4,400

feet from Plemmons Plumbing underneath his car, with a gunshot wound in the back of the head.

Between 8:00 and 8:30 p.m., a passing motorist, Larry Young, observed a Thunderbird stopped in front of a truck with a trailer and tractor. Young saw two men on the ground fighting in front of the Thunderbird; the man on the top was repeatedly hitting the man on the bottom on the forehead. Young was unable to describe either man. He heard what sounded like a shot, doubled back on a service road, and met the same truck with trailer and tractor at an intersection. When he returned to the scene, the Thunderbird had been moved to face the curb and a body was underneath the car. When John and Effie Yarborough passed the truck and car, a body was lying in front of the vehicles. When they returned, the Thunderbird was pulled up to face the curb. Elaine Rogers passed the Plemmons' Thunderbird as a reddish truck with a trailer was pulling away. Rogers stopped and found the car pulled into the curb over a body with the car engine running.

In the early morning following the assault defendant was found asleep in a bronze Dodge pickup truck with a trailer carrying the tractor belonging to Plemmons Plumbing. The tractor had last been seen the day before around 7:00 p.m. The tractor starter switch had been straight-wired. Defendant asked the arresting officer, "What is all this about?", to which the officer responded, "I think you know what it is about." Defendant replied, "Yeah, I do." While in jail awaiting trial, defendant told the chief jailer that the charge was "the first time that I have ever done anything violent in my life."

A .38 caliber pistol was in the glove compartment of the truck and defendant had four unspent .38 caliber bullets in his pocket. While the bullet taken from the victim had similar characteristics to a test round fired from defendant's gun, ballistics experts could not determine whether the gun had fired the bullet injuring the victim. Investigators found tire marks made by defendant's truck in the storage yard at Plemmons Plumbing where the tractor was last seen. Boots found in the back of defendant's pickup could have made boot impressions found at the storage yard, but this connection could not be conclusively made.

## II

[1]   To properly deny a defendant's motion to dismiss at the close of the evidence there must be "substantial evidence" of each element of the offense charged and of defendant's being the perpetrator of the offense. *State v. Powell*, 299 N.C. 95, 98, 261 S.E. 2d 114, 117 (1980). Evidence which raises a suspicion as to the identity of the defendant as the perpetrator is not sufficient to create a jury question, even if this suspicion is strong. *Powell*. Regardless of whether the evidence presented is direct, or, as in this case, circumstantial, the test for sufficiency to withstand the motion to dismiss is whether a *reasonable inference* of defendant's guilt may be drawn from the circumstances. *Powell*.

We find that the trial court properly denied defendant's motion to dismiss as there was sufficient evidence to allow a reasonable inference that the defendant was Plemmons' assailant. It is immaterial that any piece of circumstantial evidence considered alone is insufficient to establish the identity of the perpetrator. *State v. Ledford*, 315 N.C. 599, 340 S.E. 2d 309 (1986). The chain of circumstantial evidence may be sufficient to submit the case to the jury. *State v. Rowland*, 263 N.C. 353, 139 S.E. 2d 661 (1965). A common thread running through all the evidence in the case at bar is the Dodge Ram truck: defendant was known to drive the truck prior to the assault, tire print evidence placed defendant's truck at Plemmons' storage yard, a small truck carrying a tractor was at the scene during the assault, and defendant was found in his truck the following morning in possession of the stolen tractor.

The time sequence and the proximity of the events are evidence that the same person committed both the larceny and the assault. The tractor was last noticed at Plemmons Plumbing around 7:00 or 7:15 p.m., the victim arrived at Plemmons Plumbing at 8:15 p.m., then a witness saw a man being attacked alongside a truck and tractor between 8:00 and 8:30 p.m. approximately 4,400 feet from Plemmons Plumbing. Evidence must be viewed in the light most favorable to the State by the court ruling on the motion to dismiss. *State v. Thomas*, 296 N.C. 236, 250 S.E. 2d 204 (1978). Viewed in the light most favorable to the State, defendant's comment that the charge against him "was the first time I have ever done anything violent in my life" implicates him in the

State v. Poole

assault rather than just the larceny. It is left to the jury to determine the weight to accord to this bit of evidence. The trial court is *not* required to determine that the evidence excludes every reasonable hypothesis of innocence prior to denying a defendant's motion to dismiss. *State v. Jones*, 303 N.C. 500, 279 S.E. 2d 835 (1981).

When the evidence strongly suggests that "all the crimes including the larceny occurred as a part of the same criminal enterprise" by the same assailant, a defendant's recent possession of stolen property is a relevant consideration in determining whether the defendant is guilty of all the crimes charged against him. *State v. Joyner*, 301 N.C. 18, 29, 269 S.E. 2d 125, 132 (1980). Defendant was in possession of the stolen tractor at 3:30 a.m. of the morning following the larceny and assault. "Whenever goods have been taken as a part of the criminal act, the fact of subsequent possession is some indication that the possessor was the taker, *and therefore the doer of the whole crime.*" 1 *Wigmore on Evidence* Sec. 153 (3d Ed. 1940); *State v. Mercer*, 317 N.C. 87, 343 S.E. 2d 885 (1986).

This is not a case in which the jury must pile inference upon inference in order to convict the defendant. *See Mercer.* It would be reasonable for a jury to infer that defendant committed the assault based on defendant's statement that the charge represented his first violent act; the consistency of the characteristics of the bullet that injured the victim and a test round fired from defendant's gun; the tire prints found at the storage yard placing defendant's truck at the scene of the larceny; the testimony of a witness to the assault who observed two men fighting in front of a truck, trailer, and tractor immediately following the time when the larceny occurred, and defendant's possession of the stolen tractor found with his truck and trailer hours after the assault.

III

**[2]** We find no error in the trial court's determination that the assault was especially heinous, atrocious or cruel. The standard for determining if this aggravating factor is present is "whether the facts of the case disclose excessive brutality, or physical pain, psychological suffering, or dehumanizing aspects *not normally present in that offense.*" *State v. Blackwelder*, 309 N.C. 410, 414, 306 S.E. 2d 783, 786 (1983). In *Blackwelder*, 309 N.C. at 413, n. 1,

the Supreme Court held, "Where proof of one act constituting an offense is sufficient to sustain a defendant's conviction, multiple acts of the same offense are relevant to the question of sentencing, including whether the offense charged was especially heinous, atrocious or cruel." In the case at bar the victim was beaten, shot in the back of the head, driven over by a car, and left on the highway with his leg caught up underneath the car. We hold that this evidence of multiple acts of assault with a deadly weapon with intent to kill inflicting serious injury justifies a sentence in excess of the presumptive term.

IV

For the reasons set forth above, we find no error at trial or at the sentencing hearing.

No error.

Judges ARNOLD and WELLS concur.