STATE v. REEVES

[343 N.C. 111 (1996)]

STATE OF NORTH CAROLINA v. WILLIAM BRITT REEVES

No. 350A95

(Filed 4 April 1996)

1. **Criminal Law § 113 (NCI4th)— statement by defendant to witness—not disclosed—open file policy—admissible**

The trial court did not err in a noncapital first-degree murder prosecution by admitting a statement by defendant that if he ever got out he would go after the victim's parents where defendant argued that trial counsel was not made aware of the incriminating statement that defendant made to a witness, despite the open file policy, and that to allow the prosecutor to introduce this statement circumvents the intent of the discovery statute. That argument was rejected in *State v. Abbot*, 320 N.C. 475, and defendant has not offered any compelling reason to abandon prior precedent.

**Am Jur 2d, Depositions and Discovery §§ 427, 431.**

**Exclusion of evidence in state criminal action for failure of prosecution to comply with discovery requirements as to statements made by defendants or other nonexpert witnesses—modern cases. 33 ALR4th 301.**

2. **Evidence and Witnesses § 222 (NCI4th)— flight—evidence sufficient**

The trial court did not err in a noncapital first-degree murder prosecution by giving an instruction on flight where there was evidence tending to show that defendant, after shooting the victim, ran from the scene of the crime, got in a car waiting nearby, and drove away.

**Am Jur 2d, Evidence § 532; Trial §§ 1333-1335.**

Appeal as of right by defendant pursuant to N.C.G.S. § 7A-27 from a judgment imposing a sentence of life imprisonment entered by Wood, J., on 4 April 1995 in Superior Court, Forsyth County, upon a jury verdict of guilty of first-degree murder. Heard in the Supreme Court 12 February 1996

*Michael F. Easley, Attorney General, by Clarence J. DelForge, III, Assistant Attorney General, for the State.*

*Warren Sparrow for defendant-appellant.*

MITCHELL, Chief Justice.

Defendant, William Britt Reeves, was indicted for the first-degree murder of Lorenzo Sorento France. He was tried noncapitally, found guilty as charged, and sentenced to a mandatory term of life imprisonment.

Evidence presented at trial tended to show that on the evening of 26 May 1994, defendant, Teron Tate, Antonio Gaither, and "Apache" Byrd visited the apartment of Denise Martin to watch a film. Martin testified that defendant had a handgun with him at the time. When the film showed a man being shot, defendant brandished his gun and said, "I want to lay a mother f—— just like that." Later that evening, defendant went with Tate, Gaither, and Byrd to the house of Tommonoca Smith. While there, defendant learned that Lorenzo France, also known as "Man," was involved with Latasha Brannon, a woman with whom defendant had been involved.

Shortly thereafter, defendant and the three other men went to Brannon's apartment. France was sitting on the front porch of the apartment with his head down as if he were sleepy. After asking France if he was "Man," defendant hit France with the gun two or three times, grabbed him by the back of his jacket, and continued to hit him with the gun until France fell down. When France fell, defendant shot him in the left side of the back. France then ran behind the apartment building, where he was found dead a short time thereafter. An autopsy showed that the bullet had passed through France's stomach, spleen, liver, and heart. After shooting France, defendant got in a car with Tate, Gaither, and Byrd and went to a bowling alley, where the group ate and played video games. Defendant was arrested the next morning at Martin's apartment.

[1] Defendant first assigns error to the trial court's failure to exclude statements made by defendant during a telephone conversation with Latasha Brannon. He argues that Brannon's testimony that defendant said that "if [defendant] ever got out he would go after the [murder victim's] parents" should have been excluded because (1) defendant had no prior notice of the State's intention to use the statement, and (2) the statement was unfairly prejudicial.

*State v. Abbott*, 320 N.C. 475, 358 S.E.2d 365 (1987), involved a situation similar to the case *sub judice*. In *Abbott*, the State did not disclose a witness's oral statement that had not been reduced to writing. Although he did not make a motion for discovery, the defendant relied upon the "open-file" policy of the district attorney, arguing that the open-file policy was implicitly founded on a standing motion to disclose all discoverable material. This Court rejected the defendant's argument, holding that a prosecutor's open-file policy does not grant a defendant a standing motion for discovery. *Id.* at 482, 358 S.E.2d at 370. A defendant is not entitled to discovery of materials in the State's possession unless he makes a motion to compel discovery. *Id.*

In this case, defendant makes the same argument that we rejected in *Abbott*. He contends that, despite the open-file policy, trial counsel was not made aware of an incriminating statement that defendant made to a witness and that to allow the prosecutor to introduce this statement circumvents the intent of the discovery statute. Defendant has not offered any compelling reason for this Court to abandon its prior precedent. Accordingly, this assignment of error is overruled.

[2] Defendant next assigns error to the trial court's action in instructing the jury on flight. For the trial court to instruct a jury on flight, there must be "some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged." *State v. Levan*, 326 N.C. 155, 164-65, 388 S.E.2d 429, 435 (1990). In this case, there was evidence tending to show that defendant, after shooting the victim, ran from the scene of the crime, got in a car waiting nearby, and drove away. This is sufficient evidence of flight to warrant the instruction. This assignment of error is without merit.

For the foregoing reasons, we conclude that defendant received a fair trial, free from prejudicial error.

NO ERROR.