STATE OF NORTH CAROLINA v. ROBERT LOUISE ETHRIDGE, DEFENDANT

No. COA03-1715

(Filed 1 February 2005)

**1. Burglary and Unlawful Breaking or Entering; Larceny; Possession of Stolen Property— defendant as perpetrator—sufficiency of evidence**

The trial court correctly denied defendant's motion to dismiss charges of felonious breaking and entering, felonious larceny, and felonious possession of stolen goods where the State provided substantial circumstantial evidence that defendant was the perpetrator. Defendant's vehicle was seen at the site, pulled to the door of the house with its tailgate open and a coffee table inside, and defendant was placed next door on the day the offenses were committed.

STATE v. ETHRIDGE

[168 N.C. App. 359 (2005)]

**2. Criminal Law— flight—instruction supported by the evidence**

There was no error in giving the Pattern Jury Instruction on flight in a prosecution for felonious breaking and entering, felonious larceny, and felonious possession of stolen goods. The State provided evidence that reasonably supports the theory that defendant fled after the commission of the crimes.

**3. Criminal Law— recent possession of stolen property—instruction**

The trial court did not err by giving the Pattern Jury Instruction on possession of recently stolen property in a prosecution for felonious breaking and entering, felonious larceny, and felonious possession of stolen goods.

**4. Sentencing— possession of stolen goods and larceny—same goods**

The trial court erred by entering judgment for possession of stolen goods where defendant's convictions for possession of stolen goods and felonious larceny were based on taking and possessing the same goods.

Judge HUNTER dissenting.

Appeal by Defendant from conviction and sentence entered 23 July 2003 by Judge Jerry Braswell in Superior Court, Lenoir County. Heard in the Court of Appeals 19 October 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Kathleen M. Waylett, for the State.*

*Sue Genrich Berry, for the defendant-appellant.*

WYNN, Judge.

Defendant Robert Louise Ethridge appeals from his conviction and sentence. He argues that the trial court erred by: (1) failing to dismiss charges of felonious breaking and entering, felonious larceny, and felonious possession of stolen goods; (2) including in its jury instruction Pattern Jury Instruction 104.35 regarding flight; (3) including in its jury instruction Pattern Jury Instruction 104.40 regarding the doctrine of recent possession of stolen property; and (4) entering judgment on the felonious larceny and possession of stolen property convictions where the latter offense is based on possession of the items that were the subject of the former offense. For

STATE v. ETHRIDGE

[168 N.C. App. 359 (2005)]

the reasons stated herein, we affirm in part and reverse in part Defendant's conviction and sentence.

A brief procedural and factual history of the instant appeal is as follows: On 24 May 2002, Jackie Brown received calls informing her that furniture was being taken out of a vacant home owned by her cousin. Ms. Brown watched the house for her cousin, was the only holder of the keys to the house, and kept the house doors locked and reinforced with plywood. When Ms. Brown arrived at the house, she found it had been broken into and property—more than thirty items, including coffee tables, a television, and air conditioners—had been removed. She also found items that had been in the house scattered around the backyard.

Malena Jones lived next door to the house owned by Ms. Brown's cousin. On 24 May 2002, Ms. Jones returned home from work at approximately 3:00 p.m. and noticed a blue station wagon with tinted windows in the driveway of the house. The rear of the car faced the back door of the house and the car's tailgate was open. Ms. Jones testified she saw what appeared to be a coffee table hanging out the back of the car. Ms. Jones recognized one of two men standing by the car to be Derrick Hembry, with whom her daughter had a relationship and who visited her home with some frequency. Ms. Jones's daughter recognized the car, which by then was driving away, to be the one in which Mr. Hembry had arrived at her home earlier that day and knew the car belonged to Defendant.

The blue station wagon was registered to Defendant. Mr. Hembry acknowledged his acquaintance with Defendant and stated that Defendant had driven him to Ms. Jones's house on the day of the commission of the crimes.

The police officers quickly located Defendant's car but not Defendant. Ultimately, Defendant was found about a month later, arrested, and tried on charges of breaking and entering, larceny after breaking and entering, and possession of stolen goods. On 23 July 2003, the jury found Defendant guilty on all charges. Defendant received sentences of six to eight months imprisonment, twelve months probation, and fees and costs totaling $5931 for breaking and entering, six to eight months imprisonment and twelve months probation for larceny after breaking and entering, and six to eight months imprisonment and twelve months probation for possession of stolen goods. Defendant appealed.

**[1]** On appeal, Defendant first contends that the trial court erred by denying his motions to dismiss charges of felonious breaking and entering, felonious larceny, and felonious possession of stolen goods at the close of the State's evidence and at the close of all evidence because "the evidence was insufficient to prove the Defendant was the perpetrator of the offenses" (Assignments of Error Nos. 1, 2, and 3). To survive a motion to dismiss, the State must present substantial evidence of each element of the offense charged and the defendant's being the perpetrator. *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000). In considering whether such substantial evidence, *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[,]" (*State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citations omitted)), exists, the trial court must view the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference. *State v. Price*, 344 N.C. 583, 587, 476 S.E.2d 317, 319 (1996).

Here, the State provided substantial circumstantial evidence to prove the Defendant was the perpetrator of the offenses, including: A vehicle registered to Defendant and identified by others as belonging to Defendant, was seen at the crime scene. The vehicle, with its tailgate open, was pulled up to the door of the house. A coffee table was seen in the car. Defendant was placed by Mr. Hembry next door to the crime scene on the day the offenses occurred. We hold that, in the light most favorable to the State, the State provided substantial circumstantial evidence that Defendant perpetrated the offenses. *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 919 (1993) (On a motion to dismiss, circumstantial evidence constitutes sufficient substantial evidence where "the court decides that a reasonable inference of defendant's guilt may be drawn[.]"). We therefore affirm the trial court's denial of Defendant's motion to dismiss.

**[2]** Defendant next contends that the trial court erred by including in its jury instructions Pattern Jury Instruction 104.35 regarding flight (Assignment of Error No. 4). An instruction on flight "is appropriate where 'there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime[.]' " *State v. Kornegay*, 149 N.C. App. 390, 397, 562 S.E.2d 541, 546 (2002) (quoting *State v. Irick*, 291 N.C. 480, 494, 231 S.E.2d 833, 842 (1977)). " 'The relevant inquiry concerns whether there is evidence that defendant left the scene of the [crime] and took steps to avoid apprehension.' " *Id.* (quoting *State v. Levan*, 326 N.C. 155, 165, 388 S.E.2d 429, 434 (1990)). If we find "some evidence in the record reasonably

supporting the theory that defendant fled after commission of the crime charged, the instruction is properly given. The fact that there may be other reasonable explanations for defendant's conduct does not render the instruction improper." *Irick*, 291 N.C. at 494, 231 S.E.2d at 842 (citation omitted).

Here, the State provided some evidence of flight. Defendant left the crime scene shortly after Ms. Jones arrived home. Furniture that had been in the house was found scattered in the backyard. While the police found Defendant's vehicle, they were not able to locate Defendant for several weeks. This evidence reasonably supports the theory that Defendant fled after commission of the crimes charged. We therefore find no error with the trial court's instructing the jury on flight.

[3] Defendant also contends that the trial court erred by including in its jury instructions Pattern Jury Instruction 104.40 regarding the doctrine of recent possession of stolen property (Assignment of Error No. 5). The doctrine of recent possession is "a rule of law that, upon an indictment for larceny, possession of recently stolen property raises a presumption of the possessor's guilt of the larceny of such property." *State v. Maines*, 301 N.C. 669, 673, 273 S.E.2d 289, 293 (citing *State v. Bell*, 270 N.C. 25, 153 S.E.2d 741 (1967); *State v. Allison*, 265 N.C. 512, 144 S.E.2d 578 (1965)). The recent possession presumption is allowed only where:

> the State shows beyond a reasonable doubt: (1) the property described in the indictment was stolen; (2) the stolen goods were found in defendant's custody and subject to his control and disposition to the exclusion of others though not necessarily found in defendant's hands or on his person so long as he had the power and intent to control the goods; and (3) the possession was recently after the larceny, mere possession of stolen property being insufficient to raise a presumption of guilt.

*Maines*, 301 N.C. at 674, 273 S.E.2d at 293 (citations omitted).

Here, as in *State v. Joyner*, 301 N.C. 18, 269 S.E.2d 125 (1980), while the trial court referred to the doctrine of recent possession at the State's request, it

> nowhere charged that the fact of possession raised a presumption or even an inference that defendant was guilty of any of the crimes charged against him. [The trial judge] merely stated that the jury might consider defendant's recent possession together

with all the other facts and circumstances in deciding whether or not the defendant is guilty of [] larceny.

*Joyner*, 301 N.C. at 29, 269 S.E.2d at 132 (quotation omitted). " 'Whenever goods have been taken as a part of the criminal act, the fact of subsequent possession is some indication that the possessor was the taker, *and therefore the doer of the whole crime.*' " *Id.* (quoting 1 WIGMORE ON EVIDENCE § 153 (3d ed. 1940). We therefore find that the trial judge properly instructed the jury that, if it found recent possession, it could consider that recent possession as relevant in determining whether Defendant was guilty of the crimes charged.

[4] Lastly,[1] Defendant contends, and the State agrees, that the trial court erred in entering judgment for the offense of possession of stolen goods. Defendant's convictions for possession of stolen goods and felonious larceny were based on the taking and possessing of the same goods. North Carolina, however, does not "punish an individual for larceny of property and the possession of the same property which he stole." *State v. Perry*, 305 N.C. 225, 235, 287 S.E.2d 810, 816 (1982). Defendant's conviction for the possession of stolen goods is therefore reversed.

No error in part; reversed in part.

Judge THORNBURG concurred prior to 31 December 2004.

Judge HUNTER dissents in a separate opinion.

HUNTER, Judge, dissenting.

I respectfully dissent from the majority opinion's conclusion that the trial court did not err in including the Pattern Jury Instruction for flight in its jury instructions. Therefore, I would grant defendant a new trial. Specifically, I take issue with the majority's conclusion that sufficient evidence of avoiding apprehension was offered by the State to warrant such an instruction.

As the majority notes, the relevant inquiry in determining whether an instruction on flight is properly offered is "whether there is evidence that defendant left the scene . . . and *took steps to avoid apprehension.*" *State v. Levan*, 326 N.C. 155, 165, 388 S.E.2d 429, 434 (1990) (emphasis added). An instruction of flight, offered as some

---

1. Defendant expressly abandoned his other assignments of error.

evidence of a guilty mind, means more, therefore, than merely depart-ing the scene of the crime, as nearly all perpetrators do. Rather, it implies the defendant took some action to avoid apprehension beyond merely leaving.

In *State v. Holland*, 161 N.C. App. 326, 330, 588 S.E.2d 32, 36 (2003), this Court found that it was error for the trial court to instruct on flight. In *Holland*, the evidence showed the defendant left the crime scene with his co-conspirators after one of the victims escaped and ran next door to contact 911. *Id.* at 327, 588 S.E.2d at 34. After returning to the home of a co-conspirator, the defendant was driven to his girlfriend's house. *Id.* at 330, 588 S.E.2d at 36. The Court in *Holland* concluded that visiting a friend at their residence after the commission of a crime, by itself, did not raise a reasonable inference that the defendant was attempting to avoid apprehension. *Id.*

Here, Ms. Jones offered testimony that she returned to her home neighboring 916 Lincoln on the day of the incident, around 3:00 p.m. Ms. Jones then testified:

A. And in the driveway was a station wagon.

Q. Okay.

A. And I pulled into my driveway, which would be on the right.

Ms. Jones identified the vehicle as a blue station wagon.

Q. Now did you—how many people did you see around the sta-tion wagon or inside the station wagon?

A. There was two people in the station wagon and two on the outside behind the back of the station wagon.

Ms. Jones then stated she recognized one of the parties as her daugh-ter's former boyfriend, Derrick Hembry.

Q. All right. Now when you got home did you talk to your daughter?

A. Yes. When I pulled into the driveway I went—I was getting ready to go around the house and the vehicle pulled out of the driveway. And the guy—the other two guys went down the street.

Ms. Jones further testified that she did not see whether the doors of the vehicle were open or shut as she approached the driveway, and that she did not see if any of the people standing at the station wagon were looking at her as she drove by. On cross-examination, Ms. Jones

also testified that the front end of the station wagon was facing the street when she saw the vehicle, and that she did not see any of the individuals enter or exit the property at 916 Lincoln.

Ms. Jones' testimony does not reasonably support the theory that defendant did anything more than merely leave the scene of the crime, which under our standard does not support an instruction of flight without further evidence that defendant acted in a manner to avoid apprehension. *Levan*, 326 N.C. at 165, 388 S.E.2d at 434. At the time Ms. Jones arrived, her testimony indicates that two men were already in the car and that the car was facing the street. Neither Ms. Jones nor her daughter testified that they observed the vehicle speeding as it drove down the street, evidence which would justify an instruction of flight. *See State v. Reeves*, 343 N.C. 111, 113, 468 S.E.2d 53, 55 (1996) (holding that an instruction for flight was warranted when the evidence showed the defendant "ran from the scene of the crime"). Thus, Ms. Jones' testimony fails to offer evidence that defendant left the scene of the crime in a manner so as to avoid apprehension.

The majority also looks to evidence offered by the caretaker of the property, Ms. Brown, that there were items left sitting in the backyard of the house, suggesting defendant left in haste. Both Ms. Brown and Ms. Jones testified that furniture, a coffee table and end table, were sitting in the back yard after the robbery.

However, Ms. Brown also testified that a number of items were missing from the house, including two porch swings, two coffee tables, a nineteen inch television, several fans, an air conditioning unit, a carpet shampooer, and an antique pedal sewing machine. The list of stolen items included more than enough items to fill the back of a station wagon. Thus, the mere fact that items remained in the back yard does not reasonably support the theory that defendant fled the scene in a manner so as to avoid apprehension.

Finally, the majority suggests the evidence that the police were able to locate defendant's car, but unable to locate defendant for several weeks, permits an instruction of flight. Here, however, Officer Lewis testified that the blue station wagon identified by Ms. Jones and her daughter was found approximately a week after the incident in the Simon Bright area, precisely where the daughter stated defendant usually parked. Further, although the officers were unable to locate defendant on that occasion, no one testified as to any subsequent active efforts to locate defendant. Rather, Officer Lewis testified there was further investigation to positively identify defendant as

the individual known by Ms. Jones' daughter and Mr. Hembry as Matt Boone. Once defendant's identity was confirmed, a warrant was sworn out in defendant's name and placed in the warrant box of the Kinston Police Department on approximately 12 June 2002. The arresting officer, Officer Hewitt, testified that he knew there was an active warrant on defendant and spotted him at Carver Court on 22 June 2002. Officer Hewitt testified that defendant readily identified himself at that time, was cooperative when arrested, and immediately gave a statement as to his actions on the day of the incident. Thus, the failure of the police to locate defendant at the same time they located his car, parked in its usual location, does not reasonably support the theory of flight. *See State v. Lampkins*, 283 N.C. 520, 196 S.E.2d 697 (1973) (finding an instruction of flight proper when officer testified he searched for the defendant without success after the commission of the crime).

Here, the evidence, even when taken in the light most favorable to the State, merely suggests that defendant left the scene of the crime, much like the defendant in *Holland.* Unlike other cases where an instruction of flight was justified by specific evidence of efforts made to avoid apprehension, here there was insufficient evidence of such steps to permit the instruction. *See State v. Grooms*, 353 N.C. 50, 540 S.E.2d 713 (2000) (finding instruction on flight proper when the defendant hid the victim's body and asked another individual to assist him in leaving town); *Levan*, 326 N.C. 155, 388 S.E.2d 429 (finding instruction on flight proper when the defendant attempted to conceal the victim's body and threw away the victim's personal effects).

Although the jury was properly instructed that proof of flight alone is insufficient to establish defendant's guilt, such an instruction in this case, based entirely on circumstantial evidence, cannot be said to be harmless error. Unlike in *Holland,* where the evidence included three co-defendants identifying the defendant as the perpetrator of the crime, 161 N.C. App. 326, 330, 588 S.E.2d 32, 36, the circumstantial evidence here, while sufficient to survive a motion to dismiss, was not sufficient to conclude harmless error. Mr. Hembry offered the only evidence directly linking defendant to the crime scene in a statement given to the police on 12 June 2002, but later rescinded that statement while under oath. Mr. Hembry stated at trial that he did not see defendant at 916 Lincoln after being dropped off by defendant at Ms. Jones' residence, and that he had only signed the statement because, "[t]hey told me if I wouldn't sign the paper they were going to lock me up." Aside from Mr. Hembry's testimony, the only evidence

linking defendant to the crime was testimony that a blue station wagon was seen at 916 Lincoln, and that defendant drove a blue station wagon. As our Supreme Court has previously noted, although flight alone is not sufficient to establish guilt, it provides some evidence which may be considered in determining guilt, and therefore the inclusion of the instruction on flight in a case with only circumstantial evidence linked defendant to the crime may have produced a different result. *See State v. Irick*, 291 N.C. 480, 494, 231 S.E.2d 833, 842 (1977) (quoting *Proverbs* 28:1 (King James), " '[t]he wicked flee when no man pursueth, but the righteous are bold as a lion' "). I therefore respectfully disagree with the majority that the trial court did not err in offering this instruction. As such error was not harmless, defendant should therefore be granted a new trial.