STATE OF NORTH CAROLINA
v.
TRIVICE CORDELL SADLER.
No. COA08-843
Court of Appeals of North Carolina
Filed March 17, 2009
This case not for publication
Roy Cooper, Attorney General, by John G. Barnwell, Assistant Attorney General, for the State.
Staples Hughes, Appellate Defender, by Constance E. Widenhouse, Assistant Appellate Defender, for defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals from two judgments entered upon jury verdicts finding him guilty of two counts of first-degree murder. On appeal, defendant contends that he is entitled to a new trial because the trial court (1) erroneously instructed the jury on flight and (2) committed plain error during the jury selection process. We find no error.
The State's evidence at trial tended to show that around 3 p.m. on 11 January 2006 defendant was involved in a shootout with three other men at the intersection of U.S. 321 and Ridge Circle in Gaston County. During the shootout, defendant fired twenty rounds from an AK-47 assault rifle, killing one of the men and one by stander. Defendant left the scene immediately after the shooting. The day after the shooting, defendant's rifle was discovered in the Catawba River inside a duffel bag which also contained broken pieces of concrete block.
In his defense, defendant testified that he owed two of the men money for drugs and that he acted in self-defense. Defendant further testified that, after the shooting, he drove to his girlfriend's house in Charlotte. Defendant admitted that he "kind of hid" his truck in his girlfriend's garage and that he called a friend to "come get" and "take care of" the rifle. While he was at his girlfriend's house, he knew the police were looking for him and that at least one person had been killed in the shootout. Defendant spent the night at his girlfriend's house and turned himself in the next day.
We first address defendant's contention that the trial court committed plain error by allowing the State to pose allegedly improper questions to members of the venire during jury selection. Our Supreme Court has repeatedly held that, in non-capital cases, plain error review is only proper for issues involving either the trial court's jury instructions or rulings on evidentiary matters. State v. Gregory, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996). In some capital cases, the Supreme Court has elected to apply plain error analysis to other issues "even though the defendant had neither objected nor alleged plain error." Id. at 585, 467 S.E.2d at 31. Even in capital cases, however, the Supreme Court has "decline[d] to extend application of the plain error doctrine to situations where a party has failed to object to statements made by the other party during jury voir dire." State v. Cummings, 352 N.C. 600, 613, 536 S.E.2d 36, 47 (2000), cert. denied, 532 U.S. 997, 149 L. Ed. 2d 641 (2001). The case at bar is not a capital case, and the acts allegedly constituting plain error do not involve either jury instructions or evidentiary matters. Accordingly, because defendant did not object at trial, this issue is not preserved for our review. N.C. R. App. P. 10(b)(1). The corresponding assignment of error is dismissed.
Next, we address defendant's contention that the trial court erred in instructing the jury on flight. A trial court may instruct a jury on flight if there is "'some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged.'" State v. Reeves, 343 N.C. 111, 113, 468 S.E.2d 53, 55 (1996) (quoting State v. Levan, 326 N.C. 155, 164-65, 388 S.E.2d 429, 434 (1990)). The relevant inquiry is "whether there is evidence that defendant left the scene of the murder and took steps to avoid apprehension." Levan, 326 N.C. at 165, 388 S.E.2d at 434. In the present case, there was evidence tending to show that defendant left the scene in his truck and took steps to conceal both his whereabouts and his involvement in the murders. The evidence was sufficient to warrant an instruction on flight. The corresponding assignment of error is overruled.
Assignments of error not set out in defendant's brief are deemed abandoned. N.C. R. App. P. 28(b)(6).
NO ERROR.
Judges WYNN and ERVIN concur.
Report per Rule 30(e).