STATE OF NORTH CAROLINA v. ARTHUR LEE WILSON

No. 447A83

(Filed 10 December 1985)

1. **Criminal Law § 87.4— redirect examination—explanation of testimony elicited on cross-examination—no error**

Where defendant was arrested on a warrant charging breaking and entering with intent to commit rape and the indictment charged that defendant's intent was to commit larceny, there was no error in admitting testimony from a police officer which indicated that defendant had stolen seven dollars from the victim's purse before he raped her. Defendant had elicited testimony on cross-examination as to why the warrant charged that defendant entered with one intent and the indictment charged that he entered with another; it is proper to admit on redirect examination testimony which is explanatory of evidence elicited during cross-examination by defendant.

2. **Burglary and Unlawful Breakings § 3— indictment for felonious breaking and entering based on larceny—evidence of rape and larceny—indictment sufficient**

The trial court did not err by failing to dismiss the charge of felonious breaking and entering for the purpose of committing larceny on the grounds that all of the evidence indicated that defendant entered the victim's house with the intent to commit rape where the victim testified that she had seven dollars in her purse prior to defendant's entry into her home and that upon his departure the money was missing. Just as the intent to commit rape may be inferred from the fact that defendant raped the victim, the intent to commit larceny may also be inferred from the fact that defendant committed larceny. N.C.G.S. 14-54(a) (1981).

State v. Wilson

3. **Larceny § 4— indictment for felonious larceny of seven dollars—not sufficient to charge felony**

The trial court erred in a prosecution for first degree rape, felonious breaking and entering, and felonious larceny by not dismissing the charge of felonious larceny where the indictment alleged that defendant feloniously stole seven dollars but contained no allegation that the larceny was committed pursuant to a violation of N.C.G.S. 14-51, 14-53, 14-54, or 14-57, or that the larceny was committed pursuant to a burglary of any kind or to an unlawful entry or breaking in or out of any building. The offense charged was a misdemeanor, the jury verdict will be considered a verdict of guilty of larceny of seven dollars, and the case remanded for resentencing. N.C.G.S. 14-3(a), N.C.G.S. 14-72(a).

4. **Rape and Allied Offenses § 6.1— first degree rape—no evidence of second degree rape—no error in not submitting second degree rape**

The trial court did not err in a prosecution for rape, breaking and entering, and larceny by refusing to submit second degree rape as a possible verdict where defendant did not request such an instruction, all of the evidence was that defendant was either guilty or innocent of first degree rape, and there was no evidence of second degree rape. North Carolina Rules of App. Procedure Rule 10(b)(2).

Justice BILLINGS did not participate in the consideration or decision of this case.

DEFENDANT appeals as a matter of right pursuant to G.S. 7A-27(a) from judgment entered by *Morgan, J.*, at the 16 May (extended to 25 May) 1983 Session of Superior Court, GUILFORD County, sentencing him to the mandatory term of life imprisonment upon a jury verdict of guilty of first degree rape in violation of G.S. 14-27.2. Defendant's motion to bypass the Court of Appeals was allowed on 26 September 1984, with respect to his appeal from his convictions and presumptive sentences of three years imprisonment for felonious larceny and felonious breaking or entering. All of the sentences were to run concurrently.

*Lacy H. Thornburg, Attorney General, by Catherine Mc-Lamb, Assistant Attorney General, for the State.*

*Mark Galloway and W. Osmond Smith, III, for defendant-appellant.*

FRYE, Justice.

Defendant was tried upon a single-count indictment charging first degree rape, and a two-count indictment charging first de-

gree burglary and larceny. Evidence for the State tended to show that the victim[1] was in her bedroom on 24 April 1982, at night, when defendant confronted her with a knife. He directed her to another bedroom and, while holding a knife to her head, had vaginal intercourse with her without her consent. Afterwards, the two went into another part of the house and talked. Defendant told the victim that he had been watching her and had listened at her bedroom window while she and her boyfriend had sex and that he had wanted to "have" her for some time. On his way out, defendant showed her a table which had been placed under the bathroom window through which, he indicated, he had entered the house. After defendant left, the victim discovered that seven dollars was missing from her purse. She called a relative, then the rape crisis line and the police.

Defendant admitted that he had entered the victim's home and had sexual intercourse with her but claimed that both of these acts were done with the victim's consent. Witnesses for defendant testified that they had seen defendant with the victim on social occasions.

Defense motions for dismissal of all charges, made at the close of the State's case and at the close of all the evidence, were denied by the trial court. The jury returned verdicts of guilty of first degree rape and felonious larceny. On the first degree burglary charge, the jury returned a verdict of guilty of the lesser included offense of felonious breaking or entering.

I.

[1] Defendant's first assignment of error is that the trial court erred in overruling his two objections to Police Sergeant J. W. Lee's testimony wherein the officer stated that, based upon the police investigation, the evidence indicated that the defendant committed the larceny of seven dollars from the purse of the victim before he raped her. The portion of Sergeant Lee's testimony to which defendant objected is as follows:

Q. Sergeant Lee, which crime did your evidence indicate occurred first, after the unlawful entry?

---

1. We find it unnecessary to expose the victim to further pain and embarrassment by using her name in this opinion.

. . . .

A. According to our information, the larceny took place prior to the rape.

Q. So tell the ladies and gentlemen of the jury what the sequence then, as best your evidence indicated, was of the unlawful events that occurred at [the victim's] residence on April the 24th, 1982.

. . . .

A. The evidence indicates to us that Arthur Lee Wilson broke into the residence of [the victim] through a bathroom window, went into her kitchen where a purse was hanging in there or was in the kitchen, took $7.00 in money from the purse, had a knife with him that came from the kitchen, went back' to the bedroom with the same knife and then removed [the victim] from one bedroom to another and raped her.

Defendant contends that the above testimony was Sergeant Lee's opinion on the ultimate fact of whether defendant possessed the specific intent to commit larceny at the time of the breaking or entering and therefore invaded the province of the jury. This line of questioning was centered around the fact that the burglary warrant charged defendant with breaking and entering with the intent to commit rape, while the indictment charged that defendant's intent was to commit larceny. The State argues that the testimony by Sergeant Lee was an attempt by the prosecution to allow the police officer to elaborate on his prior explanation to defense counsel as to why the warrant charged that defendant entered with one intent and the indictment charged that he entered with another intent. Prior to the district attorney's questioning on redirect, the following testimony was elicited by defense counsel on recross examination of Sergeant Lee:

Q. And, at no time did you charge him with breaking and entering with the intent to commit felonious larceny as he is charged here today, did you?

A. I can explain how that happened.

Q. Yes, sir, that's right.

A. After the District Attorney received our paper work, before going to the grand jury, in conversations with the District Attorney, it was decided that the larceny had occurred prior to the rape, and that the two-count indictment would be what we would seek from the grand jury with the breaking and entering and larceny.

. . . .

Q. What I'm trying to say is that you did not charge him with stealing the first time and your explanation is that after talking with Mr. Coman, Assistant District Attorney, you decided to charge him since you say it allegedly occurred prior to the alleged rape.

A. Yes, ma'am, that's right.

It is proper to admit on redirect examination testimony which is explanatory of evidence elicited during cross-examination by defendant. In *State v. McKeithan*, 293 N.C. 722, 239 S.E. 2d 254 (1977), this Court held that where defendant's cross-examination of a police officer elicited responses indicating an alleged accomplice was charged with the identical crime as the defendant, the defendant could not complain about the district attorney's redirect examination of the officer concerning the accomplice and his role in the alleged crimes. In the case *sub judice*, the evidence elicited on recross by defendant was developed initially without objection by the State. Therefore, defendant will not now be heard to complain that the State sought on redirect examination to have Sergeant Lee explain his response to the questions on recross examination. This assignment of error is rejected. *State v. McKeithan*, 293 N.C. 722, 239 S.E. 2d 245; *see generally*, 1 Brandis on North Carolina Evidence § 30 (1982).

II.

[2] Defendant's second assignment of error is that the trial court erred in failing to dismiss the charge of felonious breaking and entering for the purpose of committing larceny. We note that defendant was indicted for first degree burglary, rather than the statutory offense of felonious breaking or entering. *See* N.C. Gen. Stat. 14-54(a) (1981). The indictment is as follows:

THE JURORS OF THE STATE UPON THEIR OATH PRESENT that on or about the 24 day of April, 1982, in Guilford County

Arthur Lee Wilson unlawfully and wilfully did feloniously during the nighttime between the hours of 4:00 a.m. and 6:00 a.m. on April 24, 1982, break and enter the dwelling house of [the victim] located at [victim's address]. At the time of the breaking and entering the dwelling house was actually occupied by [the victim]. The defendant broke and entered with the intent to commit a larceny therein. This breaking and entering was committed in violation of the following law: G.S. 14-51.

Following the presentation of evidence, the court submitted three possible verdicts to the jury as follows:

1. Guilty of First Degree Burglary or

2. Guilty of Felonious Breaking or Entering or

3. Not Guilty.

The jury returned a verdict of guilty of felonious breaking or entering.

The statutory offense of felonious breaking or entering is a lesser included offense of the crime of burglary. *State v. Jolly*, 297 N.C. 121, 254 S.E. 2d 1 (1979); *State v. Bell*, 284 N.C. 416, 200 S.E. 2d 601 (1973). Defendant does not question this rule but contends that his conviction of the lesser included offense cannot stand because "all of the evidence" indicated that he entered the victim's house with the intent to commit rape, not larceny as charged in the indictment. We disagree. The victim testified that prior to defendant's unlawful entry into her home on the night in question, she had seven dollars in her purse and that upon defendant's departure she discovered that the money was missing from her purse. This evidence was sufficient for the jury to find that defendant entered her home for the purpose of committing larceny. *See State v. Warren*, 313 N.C. 254, 328 S.E. 2d 256 (1985); *State v. Myrick*, 306 N.C. 110, 291 S.E. 2d 577 (1982); *State v. Joyner*, 301 N.C. 18, 269 S.E. 2d 125 (1980); *State v. Tippett*, 270 N.C. 588, 155 S.E. 2d 269 (1967).

While there was substantial evidence that defendant may have entered the victim's home with the intent to sexually assault her, this alone does not necessarily mean that he did not also enter for the purpose of stealing money. Just as the intent to

commit rape may be inferred from the fact that defendant raped the victim, the intent to commit larceny may also be inferred from the fact that defendant committed the larceny. When an intruder unlawfully enters one's home and commits two crimes therein, it is illogical to presuppose that he entered for one purpose only. At least a jury should not be precluded from finding that he entered with a dual purpose. *State v. Joyner*, 301 N.C. 18, 30, 269 S.E. 2d 125, 133. ("Whether defendant intended to commit either larceny or rape or both at the time he entered the dwelling is a fact which in this case must be inferred, if at all, from defendant's actions after he entered.")

While intent is a state of mind sometimes difficult to prove, the mind of an alleged offender may be read from his acts, conduct, and inferences fairly deducible from all of the circumstances. *See State v. White*, 307 N.C. 42, 296 S.E. 2d 267 (1982); *State v. Myrick*, 306 N.C. 110, 291 S.E. 2d 577; *State v. Bell*, 285 N.C. 746, 208 S.E. 2d 506 (1974); *State v. Thorpe*, 274 N.C. 457, 164 S.E. 2d 171 (1968). When considered in the light most favorable to the State, the evidence was sufficient to be submitted to the jury upon the allegations contained in the indictment. Thus, it was for the jury to determine, under all the circumstances, whether defendant had the criminal intent to commit larceny at the time of the breaking and entering as charged in the indictment.

III.

[3] Defendant's third assignment of error is that the trial court erred in refusing to submit misdemeanor larceny as a possible verdict. Because, as discussed below, the indictment alleged only misdemeanor larceny, it was improper to submit felonious larceny and the jury should have been allowed to consider only misdemeanor larceny as charged in the indictment.

IV.

Defendant's next assignment of error is the trial court's refusal to dismiss the charge of felonious larceny. The indictment is a two-count indictment. The count on larceny reads:

AND THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 24th day of April, 1982, in Guilford County, Arthur Lee Wilson unlawfully and wilfully did feloniously steal, take and carry away Seven ($7.00) dollars in

good and lawful United States currency, the personal proper-
ty of [the victim]. This act was in violation of the following
law: G.S. 14-70; 14-72(a).

Defendant contends that the indictment fails to allege felonious
larceny, since it does not specifically state that the larceny was
"pursuant to" or "incidental to" a breaking or entering, and the
amount of money alleged to have been stolen was below the statu-
tory amount of $400, which is necessary to constitute a felony. We
agree.

The larceny indictment charges that the defendant "unlawful-
ly and wilfully did feloniously steal, take and carry away" seven
dollars, "the personal property of" the victim in violation of G.S.
14-70 and 14-72(a). G.S. 14-70 abolishes the distinctions between
grand and petit larceny and provides that, unless otherwise pro-
vided by statute, larceny is a felony punishable under G.S. 14-2.
G.S. 14-2 provides that persons convicted of felonies that occur on
or after 1 July 1981 (the effective date of the Fair Sentencing
Act) shall be sentenced in accordance with G.S. 14-1.1. G.S. 14-1.1
establishes maximum sentences for the various classes of felonies
and provides that a felony not assigned by statute to any felony
class shall be punishable as a class J felony.

G.S. 14-72(a) provides that larceny of goods of the value of
more than four hundred dollars ($400.00) is a class H felony. It
also provides that larceny as provided in subsection (b) is a class
H felony and that except as provided in subsection (b), larceny
where the value of the property or goods is not more than $400 is
a misdemeanor punishable under G.S. 14-3(a). G.S. 14-72(b) pro-
vides that larceny is a felony without regard to the value of the
property in question if the larceny is (1) from the person; or (2)
committed pursuant to a violation of G.S. 14-51, 14-53, 14-54 or
14-57; or (3) of any explosive or incendiary device or substance; or
(4) of any firearm; or (5) of any record or paper in the custody of
the North Carolina State Archives as defined by G.S. 121-2(7) and
121-2(8).

It is clear that the larceny indictment in question does not
charge a felony under G.S. 14-72(a) based on value, since the
amount alleged to have been taken ($7) is clearly *less* than $400
rather than *more* than $400 as required by the statute. It is also
clear that the crime alleged is not a felony under the provisions of

G.S. 14-72(a) without regard to value or under G.S. 14-72(b)(1), (3), (4), or (5), since there is no allegation that the larceny was from the person, of any explosive or incendiary device or substance, of any firearm or of any record or paper in the custody of the State Archives. We must thus determine whether the larceny was alleged to have been committed pursuant to a violation of G.S. 14-51, 14-53, 14-54, or 14-57 as provided in G.S. 14-72(b)(2).

G.S. 14-51 describes the degrees of the crimes of burglary. G.S. 14-53 proscribes breaking out of dwelling house burglary. G.S. 14-54 proscribes breaking or entering buildings generally and G.S. 14-57 proscribes burglary with explosives. A careful reading of the larceny indictment discloses that there is no allegation therein to the effect that the larceny was committed pursuant to a violation of G.S. 14-51, 14-53, 14-54 or 14-57 or that the larceny was committed pursuant to a burglary of any kind or pursuant to an unlawful entry or breaking in or out of any building. Thus it is clear that although the indictment alleges that defendant "did feloniously steal" the seven dollars, the offense charged is, by the terms of G.S. 14-72(a), a misdemeanor rather than a felony.

In an indictment containing more than one count, each count should be complete in itself. *State v. Jones*, 275 N.C. 432, 168 S.E. 2d 380 (1969). An indictment charging felonious larceny must allege facts sufficient to raise the charge to the level of a felony. *Id.* Because the indictment for larceny failed to properly allege felonious larceny the conviction for felonious larceny cannot stand. *Id.* However, since the indictment clearly charged misdemeanor larceny, the jury verdict will be considered a verdict of guilty of larceny of personal property of a value of seven dollars — a misdemeanor. The judgment imposing sentence as for a class H felony must therefore be vacated and the cause remanded for a proper sentence pursuant to G.S. 14-3(a).

## V.

[4] Defendant next assigns as error the trial court's refusal to submit second degree rape as a possible verdict. Defendant did not request such instruction nor was he denied an opportunity to do so. Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure provides:

(2) *Jury Instructions; Findings and Conclusions of Judge.*
No party may assign as error any portion of the jury charge
or omission therefrom unless he objects thereto before the
jury retires to consider its verdict, stating distinctly that to
which he objects and the grounds of his objection; provided,
that opportunity was given to the party to make the objec-
tion out of the hearing of the jury, and, on request of any
party, out of the presence of the jury . . . .

Because defendant failed to object at trial to the court's failure to
submit second degree rape as a possible verdict, he may not as-
sert on appeal that this aspect of the instruction was in error.
*State v. Odom,* 307 N.C. 655, 300 S.E. 2d 375 (1983).

Even if defendant had objected at trial, an instruction on sec-
ond degree rape would not have been proper. All the State's
evidence indicated that vaginal penetration of the victim by
defendant took place after he showed her a knife and that the vic-
tim was in fear for her life. Defendant's evidence was that he
entered the home at the invitation of the victim and that the act
of sexual intercourse occurred with the victim's consent. If the
State's evidence is believed, defendant is guilty of first degree
rape. If defendant's evidence is believed, he is not guilty of rape,
either in the first or second degree. There is no evidence of sec-
ond degree rape. No instruction on a lesser included offense is re-
quired unless the lesser offense is supported by the evidence.
*State v. Jones,* 304 N.C. 323, 283 S.E. 2d 483 (1981).

The trial court is required to submit lesser included degrees
of the crime charged in the indictment when and only when
there is evidence of guilt of the lesser degrees. (Citations
omitted.) The presence of such evidence is the determinative
factor . . . . (Citations omitted.) If the included offense is not
supported by the evidence, it should not be submitted, re-
gardless of conflicting evidence.

*Id.* at 330-31, 283 S.E. 2d at 487-88. Under the circumstances, the
trial judge was not required to submit second degree rape as a
possible verdict.

In summary, we find no error in the judgments entered upon
verdicts of guilty of first degree rape and felonious breaking or
entering. The judgment under the Fair Sentencing Act entered

on the jury verdict of guilty of felonious larceny is vacated and the cause remanded to the Superior Court, Guilford County, for resentencing as for misdemeanor larceny.

The result is:

No. 82CRS29634—First Degree Rape—no error.

No. 82CRS29635—First Count—felonious breaking or entering—no error; Second Count—felonious larceny—judgment vacated and remanded for resentencing.

Justice BILLINGS did not participate in the consideration or decision of this case.