STATE OF NORTH CAROLINA v. CHARLEY ELIJAH BUNN

No. 856SC686

(Filed 18 February 1986)

**Burglary and Unlawful Breakings § 5— permission to enter premises — sufficiency of evidence of crime**

> In a prosecution for breaking or entering, there was no merit to defendant's contention that the charge should have been dismissed because the State did not present evidence that the victim's girlfriend did not give him permission to enter the victim's mobile home, since the State was not required to disprove every possibility which could exonerate defendant.

APPEAL by defendant from *Small, Judge*. Judgment entered 20 February 1985 in Superior Court, HALIFAX County. Heard in the Court of Appeals 9 December 1985.

Defendant was convicted of felonious breaking or entering, G.S. 14-54(a), and felonious larceny of a firearm, G.S. 14-72(b). Raymond Bunn testified that: On 1 January 1985, upon returning to the mobile home where he resided, he discovered that a pistol and holster which he kept under his mattress were missing; he later discovered that some screws which he had installed on the bedroom window to keep it shut tight had been removed; he questioned defendant, his brother, about the missing gun and holster, and though defendant denied having the pistol, he threw the holster at him. After defendant was arrested he confessed to an officer that he entered the mobile home through the bedroom window, took the gun and holster, and sold the gun for $25.

*Attorney General Thornburg, by Special Deputy Attorney General James C. Gulick, for the State.*

*Acting Appellate Defender Hunter, by Assistant Appellate Defender David W. Dorey, for defendant appellant.*

PHILLIPS, Judge.

By the first of only two assignments of error brought forward defendant contends that his motion to dismiss the breaking or entering charge should have been granted because the State's evidence does not establish that he entered Raymond Bunn's residence without consent, in that Raymond Bunn lived in the mobile home with a lady friend who could have given him permission to

enter and no evidence was presented that she did not. This contention has no merit. To convict one of crime the State is not required to disprove every possibility that could exonerate the defendant. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). It is only necessary to present substantial evidence of defendant's guilt. *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431 (1956). This the State did by presenting evidence which showed that Raymond Bunn's residence was broken into and entered without his consent and that defendant is the one who did the breaking and entering.

By his other assignment of error, likewise without merit, defendant contends that the court erred in sustaining the State's objection to his question to the officer that he confessed to as to whether he asked the witness to help him in return for his confession of guilt. Since the record does not disclose what the answer to the question would have been, we cannot assume that it would have been helpful to defendant. G.S. 8C-1, N.C. Rules of Evidence 103; G.S. 15A-1446(a); *State v. Kirkley*, 308 N.C. 196, 209, 302 S.E. 2d 144, 151 (1983). Furthermore, in testifying during the court's *voir dire* as to the voluntariness of his confession, defendant said nothing about making any such request for help.

No error.

Chief Judge HEDRICK and Judge JOHNSON concur.