STATE OF NORTH CAROLINA v. DANNY K. BULLARD AND STATE OF NORTH CAROLINA v. DAVID ALTON BULLARD

No. 8813SC1246

(Filed 6 March 1990)

**Rape and Allied Offenses § 6.1 (NCI3d) — first degree sexual offense — submission of lesser offense not required**

In a prosecution of defendants for first degree sexual offense, the trial court did not err in failing to submit to the jury, as defendants requested, an issue as to the lesser-included offense of second degree sexual offense, since the case was tried on an all or nothing basis; the State's evidence was not in conflict; and defendants presented no evidence as to the crime.

**Am Jur 2d, Trial §§ 878, 880.**

APPEAL by defendants from judgments entered 9 June 1988 by *Lake, Judge,* in BRUNSWICK County Superior Court. Heard in the Court of Appeals 19 April 1989.

*Attorney General Thornburg, by Associate Attorney General Richard A. Love, for the State.*

*Fairley, Jess & Isenberg, by Ray H. Walton and William F. Fairley, for defendant appellants.*

PHILLIPS, Judge.

Each defendant was convicted of first-degree sexual offense in violation of G.S. 14-27.4. The only question presented by this appeal is whether the court erred in failing to submit to the jury, as defendants requested, an issue as to the lesser included offense of second-degree sexual offense. Under G.S. 14-27.5(a)(1), engaging in a sexual act with another person "[b]y force and against the will of the other person" is a second-degree sexual offense; that identical conduct when "aided and abetted by one or more other persons" is made a first-degree sexual offense by G.S. 14-27.4(a)(2)c. The first-degree sexual offense that each defendant was charged with was engaging in a sexual act with Shelby Willetts by force and against her will and aided and abetted by the other. Defendants' request was denied after the District Attorney insisted that

the verdict alternatives should be guilty or not guilty of first-degree sexual offense.

The evidence, all by the State, tends to show that: During the night of 2 July 1987 after Shelby Willetts' automobile ran off the highway and turned over into a ditch, defendants came along in a car driven by Danny Bullard and offered to drive her to the nearby home of a friend who had a wrecker. After she got in the car Danny Bullard drove to an isolated area, stopped the car, stated that he had to use the bathroom, and went out of her sight. David Bullard then told her to perform fellatio on him or he would kill her, that both defendants had just been released from prison, and that Danny had been in prison for killing his father. A struggle ensued; she blew the car horn, turned on the lights, and tried to start the car; David grabbed the keys and threw them out of the car; she then jumped out of the car, but David caught her, slammed her against the car, and forced her to perform fellatio on him. She asked David where Danny was and he said he did not know, but a moment later Danny Bullard was there and David was gone. Danny asked her if she had performed fellatio on David and when she said no he called her a liar, slapped her to the ground, and then forced her to perform fellatio on him. She did not know where Danny was while the sexual act with David occurred, or where David was when the sexual act with Danny occurred.

That this evidence would support a verdict of guilty of the lesser included offense of second-degree sexual offense is obvious since it supports their convictions of the greater offense and the whole necessarily includes its parts. Based upon this fact defendants contend that the trial judge was required to submit the issue requested under the following rule:

> [T]he trial judge, when there is evidence tending to support a verdict of guilty of an included crime of lesser degree than that charged must instruct the jury that it is permissible for them to reach such a verdict if it accords with their findings. (Citations omitted.)

*State v. Hicks*, 241 N.C. 156, 160, 84 S.E.2d 545, 548 (1954). Though this clear and unambiguous statement has been reiterated in substance in many decisions, including *State v. Boykin*, 310 N.C. 118, 121, 310 S.E.2d 315, 317 (1984); *State v. Summitt*, 301 N.C. 591, 596, 273 S.E.2d 425, 427, *cert. denied*, 451 U.S. 970, 68 L.Ed.2d

349, 101 S.Ct. 2048 (1981), and *State v. Redfern*, 291 N.C. 319, 321, 230 S.E.2d 152, 153 (1976), it does not apply to this case, as defendants understandably but mistakenly argue. Because the decision quoted from and many others establish that the statement does not quite mean what it says; that when the State seeks a conviction of only the greater offense and the case is tried on that all or nothing basis, the State's evidence is not regarded as evidence of the lesser included offense unless it is conflicting; and that the lesser included offense must be submitted only when a defendant presents evidence thereof or when the State's evidence is conflicting. Holdings to that effect include *State v. Wilson*, 315 N.C. 157, 337 S.E.2d 470 (1985); *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985); *State v. Corbett*, 309 N.C. 382, 307 S.E.2d 139 (1983); *State v. Jones*, 304 N.C. 323, 283 S.E.2d 483 (1981), and *State v. Hicks, supra.* Since the case was tried on an all or nothing basis, the State's evidence is not in conflict and defendants presented no evidence as to the crime, we are obliged to hold that the court was not required to charge on the lesser included offense and defendants' assignment of error is overruled.

Though permitting cases like this to be tried on an all or nothing basis has long been approved and is in keeping with the sporting concept of justice that used to prevail, it has obvious drawbacks that merit legislative consideration, in our opinion. In all such instances the possibility exists of a defendant being acquitted of all offenses because of doubt only as to an enhancing element; and of the jury's knowledge that the defendant will be released unless they vote for the greater offense being a determining factor in that vote being made. For example, in this case the jury, though believing all the State's evidence, could have acquitted the defendants of all charges by merely doubting, as they easily could have, that the evidence established that either defendant needed or expected the other's help. It seems plain to us that a practice under which a defendant can be acquitted of lesser included charges about which there is no doubt because doubt exists as to an enhancing element is an outmoded absurdity and detrimental to the public safety; a practice that encourages jurors to convict a defendant of a greater offense by not permitting them to consider its lesser elements is unfair and inconsistent with the precept that jurors are at liberty to believe all, none, or part of the evidence as they see fit.

No error.

Judges PARKER and COZORT concur.