STATE v. KNIGHT

[98 N.C. App. 696 (1990)]

No error.

Chief Judge HEDRICK and Judge JOHNSON concur.

———————

STATE OF NORTH CAROLINA v. DAVID KNIGHT

No. 8920SC940

(Filed 5 June 1990)

1. **Assault and Battery § 27 (NCI4th)— assault with deadly weapon inflicting serious injury—knife—evidence of deadly weapon**

    There was evidence in a prosecution for assault with a deadly weapon inflicting serious injury that defendant used a knife and that it was a deadly weapon in that the victim was seriously cut about the body many times, including having the end of his nose sliced off.

    **Am Jur 2d, Assault and Battery §§ 48, 53.**

2. **Assault and Battery § 37 (NCI4th)— assault with a deadly weapon inflicting serious injury—instruction on knife as deadly weapon**

    The trial court in a prosecution for assault with a deadly weapon inflicting serious injury properly charged that a knife was a deadly weapon where the victim was seriously cut about the body many times, including having the end of his nose sliced off.

    **Am Jur 2d, Assault and Battery § 48.**

3. **Assault and Battery § 116 (NCI4th)— assault with a deadly weapon inflicting serious injury—refusal to charge on simple assault—no error**

    The trial court in a prosecution for assault with a deadly weapon inflicting serious injury was not required to charge on the lesser included offense of simple assault where there was evidence that the victim was seriously cut about the body many times, including having the end of his nose sliced off, and there was no evidence presented that the serious injuries

were not inflicted or that they resulted from a simple assault of some kind.

**Am Jur 2d, Assault and Battery § 50.**

APPEAL by defendant from judgment entered 13 April 1989 by *Judge William H. Helms* in UNION County Superior Court. Heard in the Court of Appeals 10 May 1990.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Patricia F. Padgett, for the State.*

*Charles B. Brooks, II for defendant appellant.*

PHILLIPS, Judge.

[1, 2, 3] In appealing his conviction of assault with a deadly weapon inflicting serious injury defendant makes three contentions: That there is no evidence that he used a deadly weapon; that the court erred in refusing to charge on simple assault; and in charging that a knife was a deadly weapon, in that there was no evidence that he used a knife. None of the contentions has merit.

The deadliness of the weapon used, that it was a knife and that the court's charge was correct is indicated by evidence to the effect that the victim was seriously cut about the body many times, one of which sliced the end of his nose off. *State v. Torain*, 316 N.C. 111, 340 S.E.2d 465, *cert. denied*, 479 U.S. 836, 93 L.Ed.2d 77 (1986); *State v. Sturdivant*, 304 N.C. 293, 283 S.E.2d 719 (1981). No evidence having been presented that these serious injuries were not inflicted, or that they resulted from a simple assault of some kind, the court was not required to charge on this lesser included offense. *State v. Wilson*, 315 N.C. 157, 337 S.E.2d 470 (1985).

No error.

Judges ARNOLD and COZORT concur.