STATE OF NORTH CAROLINA v. WILL WILLIAMS

No. 141A90

(Filed 10 January 1992)

1. **Criminal Law § 477 (NCI4th) — jury misconduct — adequately investigated**

The trial court adequately investigated a report of jury misconduct where it was alleged that a juror who was eventually seated had stated that defendant deserved the death penalty; both the trial court and defendant questioned the potential juror to whom the statement was allegedly made; defense counsel appeared satisfied with the investigation and

himself recognized that the allegation serving as the basis of the inquiry was double hearsay; the defendant made no motion for further investigation; and the trial court's findings are supported by substantial evidence and support its conclusions.

Am Jur 2d, Trial §§ 1637-1640, 1646.

2. **Burglary and Unlawful Breakings § 101 (NCI4th)— breaking or entering with intent to commit murder—evidence of intent sufficient**

The evidence was sufficient to support a guilty verdict for breaking or entering with the intent to commit murder where there was substantial evidence of defendant's intent to murder the victim at the time of the breaking or entering in that defendant shot and killed the victim. The jury may find the defendant's intent at the time of the breaking or entering from his subsequent acts.

Am Jur 2d, Burglary § 52.

3. **Burglary and Unlawful Breakings § 99 (NCI4th)— breaking or entering—lack of consent—evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss a felony murder charge which was based on breaking or entering with felonious intent where defendant contended that the State failed to show that he acted without the consent of the owner when he entered the residence. The evidence tended to show that defendant broke down the locked front door to gain entry into the house, and that evidence alone was sufficient to support a finding of a lack of consent. However, the evidence further showed that defendant's estranged wife, who was living in the house, specifically told defendant that she did not want to talk to him and that she did not open the locked door. Although defendant speculated that the owner may have given defendant consent as she left the scene and defendant arrived, no evidence was presented to support that argument and the State need not disprove every possibility that could exonerate defendant.

Am Jur 2d, Burglary § 64.5; Homicide §§ 35, 46, 72.

APPEAL as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by

STATE v. WILLIAMS

[330 N.C. 579 (1992)]

*Grant, J.*, at the 6 October 1989 Criminal Session of Superior Court, BERTIE County, upon a jury verdict of guilty of first- degree murder. On 22 April 1991 the Supreme Court granted the defendant's motion to bypass the Court of Appeals on his appeals from related assault and breaking or entering convictions. Heard in the Supreme Court on 14 October 1991.

*Lacy H. Thornburg, Attorney General, by Isaac T. Avery, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Staples Hughes, Assistant Appellate Defender, for the defendant appellant.*

MITCHELL, Justice.

On proper bills of indictment, the defendant was tried and convicted of the first-degree murder of Michael Bazemore on the basis of the felony murder rule (N.C.G.S. § 14-17), assault with a deadly weapon with the intent to kill inflicting serious injury on Delores Bazemore (N.C.G.S. § 14-32(a)), breaking or entering with the intent to commit murder, and breaking or entering with the intent to commit an assault with a deadly weapon inflicting serious bodily injury (N.C.G.S. § 14-54(a)). Having concluded that no evidence tended to show any aggravating circumstance, the trial court sentenced the defendant to life imprisonment for the first-degree murder. The trial court sentenced the defendant to a consecutive term of twenty years for the assault but arrested judgment on the convictions of breaking or entering.

The defendant appealed, assigning three principal errors to his trial. We find no error.

The State's evidence tended to show that on 3 January 1989, the defendant began beating Delores Faye Bazemore, his girlfriend of six years, striking her numerous times in the back and stomach. The defendant continued to beat Delores that evening until he had to leave for work around 4:00 a.m. Thereafter, Delores also went to work but called her sister to come and get her about 9:00 a.m. On the 3rd or 4th of January, Delores moved into the home of her mother, Wilma Bazemore, at 710 Ghent Street, in Roper, North Carolina. Delores' daughter, Lavern Speller, and her brother, Michael Bazemore, also lived there.

During the next week, the defendant called Delores numerous times to ask if she was coming back to him. Delores told the

defendant that she was not coming back and did not want to see him again. On 12 January, the defendant called Delores and said, "It's raining. I don't have to go to work today. Do you want me to pick you up?" Delores responded, "No. Will, I told you. It's over." The defendant replied, "That's what you think."

Savanna Ganor testified that about 9:00 a.m. on 12 January, the defendant came to her house on Ghent Street near the Bazemore residence. The defendant asked if she had seen Michael Bazemore. Ms. Ganor replied that she had not. The defendant then left.

Later that morning, around 10:30 a.m., the defendant came to the Bazemore residence. Delores and her daughter Lavern were sitting in the living room in the front of the house. Lavern first noticed the defendant in the driveway. She told her mother and then went to her bedroom. The defendant came to the front door which was locked. Without opening the door, Delores asked the defendant, "What do you want?" The defendant said, "I want to talk to you." Delores replied, "No, you don't, because I already told you I didn't want to talk to you any more. Didn't I tell you I didn't want you up here around Vern, being drinking?" The defendant said, "That's all right." The defendant turned to walk away but then said, "I've got something for you."

Delores went into the kitchen to telephone the police. While on the telephone, she heard a crash. The defendant broke down the front door and entered the house with a pistol in his hand. At this time, Michael Bazemore was in the kitchen. Delores went into the bathroom and closed the door. Michael said to the defendant, "Man, what are you doing? Don't do that. Stop. Leave." The defendant attempted to push Michael out of the way. The gun the defendant held was fired once or twice. Michael groaned, walked into the bedroom, and fell to his knees.

The defendant then shouted for Delores. He pushed open the door to the bathroom where Delores was hiding. The defendant said to Delores, "Didn't I tell you that if you ever leave me and don't come back, I would kill you?" The defendant then shot Delores four times. After the shooting stopped, Delores was able to stand. She called her sister who then called the police.

Michael Bazemore died at the scene. An autopsy revealed that the cause of death was a gunshot wound to the heart. Delores was treated for four gunshot wounds. Two bullets were removed

from her head. One bullet remains behind her left ear and another in her left arm. The single bullet removed from Michael's body and the two bullets removed from Delores were fired from the .32 caliber pistol the defendant used in the assault.

The defendant presented no evidence.

[1] The defendant argues under his first assignment of error that the trial court erred by not adequately investigating a report of jury misconduct. Due process requires that a defendant have "a panel of impartial, 'indifferent' jurors." *State v. Rutherford*, 70 N.C. App. 674, 677, 320 S.E.2d 916, 919, *disc. rev. denied*, 313 N.C. 335, 327 S.E.2d 897 (1985) (quoting *Irvin v. Dowd*, 366 U.S. 717, 6 L. Ed. 2d 751 (1961)). The trial court has the duty to insure that jurors for the case being tried remain impartial and uninfluenced by outside persons. *Id.* at 677, 320 S.E.2d at 919. The trial court also has the responsibility to make such investigations as may be appropriate, including examination of jurors when warranted, to determine whether misconduct has occurred and, if so, whether such conduct has resulted in prejudice to the defendant. *State v. Drake*, 31 N.C. App. 187, 191, 229 S.E.2d 51, 54 (1976). The trial court's determination must be made on the facts and circumstances of the particular case. *Id.* at 190, 229 S.E.2d at 54. "The determination of the existence and effect of juror misconduct is primarily for the trial court whose decision will be given great weight on appeal." *State v. Bonney*, 329 N.C. 61, 83, 405 S.E.2d 145, 158 (1991).

The defendant in the present case alleged that juror Limuel Capehart who was eventually seated had stated to Vince McGee, a prospective juror who was eventually excused, that the defendant deserved the death penalty. The defendant alleged this before the trial court during jury selection. The defendant contended that juror Anthony Best talked to McGee who said that he had heard Capehart say that the defendant deserved the death penalty. The trial court called Vince McGee, who had already been excused from jury service, back to the courthouse. Both the trial court and defense counsel questioned McGee about his alleged conversation with Capehart. McGee denied that he heard juror Capehart state that the defendant deserved the death penalty. McGee said that the only conversation he had regarding the trial occurred after he was excused. In that conversation, he told Best that he had been excused because of his religious convictions. The trial

court found that no conversation occurred between McGee and Capehart and, therefore, there was no basis for the defendant's allegation of jury misconduct.

In the present case, the trial court conducted a thorough investigation. Both the trial court and defense counsel questioned McGee. Defense counsel appeared satisfied with the investigation of the trial court and himself recognized that the allegation serving as the basis of the inquiry was double hearsay and was, thus, tenuous at best. The defendant made no motion for further inquiry after the examination of McGee. The trial court's findings are supported by substantial evidence and, in turn, support its conclusions. We conclude that the trial court did not err. *See State v. Bonney*, 329 N.C. 61, 405 S.E.2d 145 (1991); *State v. Smith*, 320 N.C. 404, 358 S.E.2d 329 (1987); *O'Berry v. Perry*, 266 N.C. 77, 145 S.E.2d 321 (1965). The defendant's first assignment of error is without merit.

[2] In his second assignment of error, the defendant contends that the evidence was insufficient to support the jury's verdict of guilty on the charge of breaking or entering the Bazemore residence with the intent to commit murder. In ruling on a motion to dismiss, the trial court must determine whether there is substantial evidence of each element of the offense charged, and that the defendant is the perpetrator. *Bonney*, 329 N.C. at 76-77, 405 S.E.2d at 154.

> Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). The term "substantial evidence" simply means "that the evidence must be existing and real, not just seeming or imaginary." *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).

*Id.* at 77, 405 S.E.2d at 154 (quoting *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)). Furthermore, the trial court must consider the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference. *Id.* If there is substantial evidence of each element of the offense charged or lesser included offenses, the trial court must deny a defendant's motion to dismiss as to those charges supported by substantial evidence and submit them to the jury for its consideration; the weight and credibility of such evidence is a question reserved for the jury. *Id.*

**STATE v. WILLIAMS**

[330 N.C. 579 (1992)]

The essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein. N.C.G.S. § 14-54(a) (1986). The breaking or entering must be without the consent of the owner or occupant. *State v. Boone,* 297 N.C. 652, 658, 256 S.E.2d 683, 687 (1979). The defendant argues that the trial court's instructions on the charge of breaking or entering with the intent to commit murder allowed the jury to convict if at the time of the breaking or entering the defendant had the intent to murder Michael Bazemore. The defendant argues that there was not substantial evidence supporting this theory of conviction. We conclude, however, that there was substantial evidence of the defendant's intent to murder Michael at the time of the breaking or entering.

The criminal intent of the defendant at the time of breaking or entering may be inferred from the acts he committed subsequent to his breaking or entering the building. *State v. Wilson,* 315 N.C. 157, 162-63, 337 S.E.2d 470, 474 (1985); *State v. Joyner,* 301 N.C. 18, 30, 269 S.E.2d 125, 133 (1980). In other words, the jury may find the defendant's intent at the time of the breaking or entering from his subsequent acts. *Wilson,* 315 N.C. at 163, 337 S.E.2d at 474. *See also State v. Gray,* 322 N.C. 457, 461, 368 S.E.2d 627, 629 (1988) (and citations listed therein).

In *Wilson,* the defendant argued that the evidence was insufficient to support the charge of felonious breaking or entering with the intent to commit larceny. *Wilson,* 315 N.C. at 162, 337 S.E.2d at 474. The defendant in *Wilson* argued that he entered the house with the intent to commit rape, not larceny as charged in the indictment. *Id.* This Court concluded that the acts the defendant committed after he entered the house were substantial evidence of his intent to commit those acts at the time he broke into and entered the home. *Id.* at 163, 337 S.E.2d at 474. We also concluded that when a defendant unlawfully entered a home and committed two crimes therein, the jury should not be precluded from finding that he entered with the dual purpose of committing both of those crimes. *Id.*

Similarly, in the present case, the defendant argues that there was no evidence to support the theory that he entered with the intent to kill Michael. The fact that the defendant shot and killed Michael was substantial evidence that the defendant broke or entered the Bazemore residence with the intent to do so. Therefore, the

evidence was sufficient to support the guilty verdict for breaking or entering with the intent to commit murder. This assignment of error is without merit.

[3] The defendant finally assigns error to the trial court's denial of his motion to dismiss the murder charge, to the extent it was based on the theory of felony murder, because the State's evidence was insufficient to support a conviction for the underlying felony of breaking or entering with felonious intent. The defendant argues in support of this assignment that the State failed to show that he acted without the consent of the owner when he entered the Bazemore residence. In order to convict of breaking or entering, the State must prove lack of consent by the owner or occupant of the building entered. *Boone*, 297 N.C. at 659, 256 S.E.2d at 687. The indictment alleged that the owner of the residence was Wilma Bazemore. The State presented no direct testimony by Wilma Bazemore at trial to show that she had not consented to the defendant's entry into the residence. We conclude, however, that in the present case the State presented substantial evidence that the defendant lacked consent to enter the Bazemore residence.

In *State v. Sanders*, 280 N.C. 81, 185 S.E.2d 158 (1971), the defendant assigned error to the trial court's refusal to dismiss all charges because the evidence was insufficient to prove burglary. *Id.* at 84, 185 S.E.2d at 161. The defendant contended that the State's evidence failed to show that the defendant did not have permission to be in the building. *Id.* In that case, the janitor discovered the defendant and his accomplice while they were attempting to break into a safe in a building at night after it was closed. *Id.* at 85, 185 S.E.2d at 161. Two glass shop windows were broken, which allowed the defendants to enter the building. *Id.* This Court stated, "Nothing in the evidence warrants finding defendant had permission to enter the building." *Id.*

Similarly in the case at bar, the defendant contends that the State did not prove that he lacked consent of the owner or occupant to enter the Bazemore residence. However, evidence tended to show that the defendant broke down the locked front door to gain entry into the house. This evidence alone was sufficient to support a finding that the defendant lacked consent to enter the residence. Furthermore, the evidence tended to show that Delores Bazemore specifically told the defendant she did not want to talk to him and that she did not open the locked front door. We conclude

that the evidence of the breaking down of the locked front door of the residence was substantial evidence that the defendant lacked consent to enter. Therefore, the trial court did not err in its denial of the defendant's motion.

The defendant also contends that Wilma Bazemore, the owner of the residence alleged in the indictment, possibly gave the defendant consent to enter the house. Wilma apparently left for work at approximately the same time the defendant arrived at the Bazemore residence on the morning of 12 January. No evidence was presented to support the defendant's speculative argument. The State need not disprove every possibility that could exonerate the defendant. *State v. Bunn,* 79 N.C. App. 480, 481, 339 S.E.2d 673, 674 (1986). The State need only present substantial evidence of the defendant's guilt. *Id. See State v. Stephens,* 244 N.C. 380, 93 S.E.2d 431 (1956). This assignment of error is without merit.

For the reasons stated, we find no error in the convictions of first degree murder, assault with a deadly weapon with the intent to kill inflicting serious bodily injury, breaking or entering with intent to commit murder, and breaking or entering with the intent to commit an assault with a deadly weapon inflicting serious bodily injury. The defendant received a fair trial free of prejudicial error.

No error.