STATE OF NORTH CAROLINA
v.
JOSEPH LEE CAUTHEN.
No. COA08-1527
Court of Appeals of North Carolina.
Filed June 16, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Kathleen N. Bolton, for the State.
William D. Auman for defendant-appellant.
JACKSON, Judge.
Joseph Cauthen ("defendant") appeals from a judgment entered against him for attempted breaking or entering, possession of housebreaking instruments, and having attained habitual felon status. Defendant contends (1) that his trial counsel rendered ineffective assistance by neglecting to make a motion to dismiss the charge of possession of housebreaking instruments or to renew his motion to dismiss the attempted breaking or entering charge at the close of all evidence, and (2) that the trial court committed plain error by failing to dismiss the charges. Upon review, we hold no error.
On 28 January 2008, the Forsyth County grand jury returned indictments against defendant for attempted breaking or entering, possession of burglary tools, and having attained habitual felon status. The case came on for trial at the 28 July 2008 session of Forsyth County Superior Court.
At trial, the State's evidence tended to show that Larry Cigliano ("Cigliano") owned a used car lot adjacent to a storage facility in Winston-Salem, North Carolina. On the morning of 29 January 2007, Cigliano saw a man, later identified as David Woods ("Woods"), at the gate of the storage facility. Defendant was sitting in the driver's seat of a nearby van. Cigliano sent one of his employees to see what Woods was doing at the gate. As Cigliano's employee approached Woods, Woods began to walk away from the employee.
At the same time, another of Cigliano's employees drove up to the gate and spoke to Woods. When the first employee told Cigliano that the gate's lock was cut, Cigliano called out to Woods and defendant. At that point, Woods got into the van with defendant, and they drove to a parking lot across the street. Later, when police officers arrived at the storage facility, they observed that the lock that had been cut was hanging from the gate. One of Cigiliano's employees testified that the gate had been locked prior to the incident.
After defendant and Woods drove across the street, the storage facility's property manager, Buffy Murphy ("Murphy"), arrived and called the police. Murphy followed defendant's van in her car as it pulled out of the parking lot across the street, and she saw defendant driving the van. Murphy then called 911 and reported the van's license plate number. Shortly thereafter, police officers spotted the van, followed it, and stopped it at a gas station. Woods exited the van and ran from the officers, but was apprehended a short time later. Defendant complied with officers' commands to stop, and he was placed in handcuffs at the gas station. The officers brought Murphy to the gas station where she identified defendant, Woods, and the van.
The officers performed an initial search of the van prior to the arrival of the crime scene technician. The officers found bolt cutters in the center console between the front seat and a chisel, or "punch tool," underneath the driver's seat. The officers testified that the bolt cutters can be used to cut a lock, and that the punch tool can be used to hammer or chisel out a lock.
At the close of the State's evidence, defendant moved to dismiss the attempted breaking or entering charge, but not the possession of burglary tools charge. The trial court denied defendant's motion. Defendant did not offer any evidence, and did not renew his motion to dismiss after the close of all evidence.
The jury found defendant guilty of attempted breaking or entering and possession of burglary tools. Defendant then pled guilty to having attained habitual felon status. The trial court consolidated the charges into one judgment, and imposed a presumptive-range term of 116 to 149 months imprisonment. Defendant appeals.
Defendant's first contention on appeal is that he received ineffective assistance from trial counsel based on counsel's failure to renew his motion to dismiss the charge of attempted breaking or entering or to make a motion to dismiss the charge of possession of burglary tools. We disagree.
To prove a claim of ineffective assistance of counsel, a defendant bears the burden to show two things:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

State v. Braswell, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984)) (emphasis in original). Furthermore, "if a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient." Braswell, 312 N.C. at 563, 324 S.E.2d at 249.
In the case sub judice, we hold defendant has failed to demonstrate that he was deprived of a fair trial and, therefore, do not address whether trial counsel's performance was deficient . Id. In evaluating the sufficiency of the evidence, "the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense." State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). "The trial court must review the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom." State v. Squires, 357 N.C. 529, 535, 591 S.E.2d 837, 841 (2003), cert. denied, 541 U.S. 1088, 159 L. Ed. 2d. 252 (2004). " The essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein." State v. Williams, 330 N.C. 579, 585, 411 S.E.2d 814, 818 (1992) (citation omitted); N.C. Gen. Stat. § 14-54(a) (2007). The crime of attempt requires an act done with the specific intent to commit the underlying offense. See State v. Hageman, 307 N.C. 1, 13, 296 S.E.2d 433, 441 (1982).
Viewing the evidence in the light most favorable to the State, we hold there was substantial evidence of the elements of attempted breaking or entering even had trial counsel renewed the motion to dismiss. The lock on the gate was intact prior to defendant's arrival. Defendant, although apparently the driver rather than the lock cutter, is culpable for cutting the lock pursuant to a theory of acting in concert. See State v. Barnes, 345 N.C. 184, 232, 481 S.E.2d 44, 70 (1997), cert. denied, 523 U.S. 1024, 140 L. Ed. 2d 473 (1998). Furthermore, defendant's criminal intent may be inferred from the acts he committed subsequent to the attempted breaking. State v. Worsley, 336 N.C. 268, 278, 443 S.E.2d 68, 73 (1994) (citing State v. Williams, 330 N.C. 579, 585, 411 S.E.2d 814, 818 (1992). When defendant and Woods were discovered, they fled. After defendant was apprehended, officers discovered the bolt cutter and punch tool in the van. Because of the strength of the State's evidence, defendant was not prejudiced by trial counsel's failure to renew his motion to dismiss the charge of attempted breaking or entering.
"The essential elements of [possession of housebreaking implements] are (1) the possession of an implement of housebreaking (2) without lawful excuse, and the State has the burden of proving both of these elements." State v. Stockton, 13 N.C. App. 287, 290, 185 S.E.2d 459, 461-62 (1971); see also N.C. Gen. Stat. § 14-55 (2007).
Again, the State presented sufficient evidence of all the elements of the offense notwithstanding the absence of a motion to dismiss. When police officers searched defendant's car, they found a bolt cutter and punch tool, or chisel, which the officers testified were tools used to cut and break locks. Those items both were admitted into evidence. A bolt cutter and chisel both may be tools of housebreaking. See State v. Shore, 10 N.C. App. 75, 178 S.E.2d 22 (1970), cert. denied, 278 N.C. 105, 179 S.E.2d 453 (1971) (bolt cutter); State v. Cadora, 13 N.C. App. 176, 185 S.E.2d 297 (1971) (chisel). The officers discovered the tools in defendant's van after they found that the lock on the storage facility had been cut and after defendant had fled the scene. Given the State's evidence of this offense, we hold that defendant was not prejudiced by his trial counsel's failure to make a motion to dismiss. Next, defendant contends that the trial court committed plain error by not dismissing the charges. However, "[t]he failure of a defendant to move to dismiss at the close of all the evidence bars him from raising this issue on appeal." State v. Freeman, 164 N.C. App. 673, 676, 596 S.E.2d 319, 322 (2004)(citing State v. Richardson, 341 N.C. 658, 676-77, 462 S.E.2d 492, 504 (1995)); see also N.C. R. App. P. 10(b)(3) (2007). Accordingly, we dismiss this assignment of error.
Accordingly, we hold no error.
No error.
Judges ROBERT C. HUNTER and STEELMAN concur.
Reported per Rule 30(e).